OPINION
{¶ 1} Plaintiff-appellant, Arrow Machine Co., Ltd., appeals the judgment of the Lake County Court of Common Pleas, granting defendant-appellee, Rapid Rigging, Inc.'s, Motion for Relief from Judgment, Leave to Answer, and Motion to Continue Hearing. For the following reasons, we dismiss the appeal for lack of a final order.
 {¶ 2} On December 20, 2006, Arrow Machine, a Mentor, Ohio corporation, filed a two-count complaint against Rapid Rigging, a Glenville, Illinois corporation, asserting claims for breach of contract and negligence. Arrow Machine instructed the clerk to *Page 2 
serve Rapid Rigging "certified mail, return receipt requested," at Rapid Rigging's corporate office in Glenville. No return of service was ever filed with the court.
 {¶ 3} On February 20, 2007, Arrow Machine filed a Praecipe instructing the clerk to serve Rapid Rigging with a copy of the complaint "by certified mail, return receipt requested," at Rapid Rigging's corporate office in Glenville.
 {¶ 4} On February 27, 2007, service was obtained on Rapid Rigging and, on March 2, 2007, the return of service was filed with the court.
 {¶ 5} On April 19, 2007, Arrow Machine filed a Motion for Default Judgment, on the grounds that Rapid Rigging had "failed to plead or otherwise defend" within the time prescribed by Civil Rule 12(A)(1). Arrow Machine's motion also requested the court to set a date for a hearing with respect to damages.
 {¶ 6} On May 7, 2007, the court granted Arrow Machine's motion for default judgment and scheduled a hearing on damages for May 21, 2007.
 {¶ 7} On May 15, 2007, counsel for Rapid Rigging filed a Notice of Appearance. On May 17, 2007, Rapid Rigging filed a Motion for Relief from Judgment, Leave to Answer, and Motion to Continue Hearing, on the grounds of excusable neglect. On May 18, 2007, the court continued the hearing on damages.
 {¶ 8} On June 21, 2007, the court granted Rapid Rigging's motion. The May 7, 2007, entry of default judgment was vacated and Rapid Rigging was given leave until July 12, 2007, to file its answer to the complaint.
 {¶ 9} Arrow Machine appeals and raises the following assignment of error: "The trial court erred in granting defendant-appellee Rapid Rigging, Inc.'s Motion for Relief of *Page 3 
Judgment and vacating the May 7, 2007 entry of default judgment against defendant-appellee, Rapid Rigging, Inc."
 {¶ 10} In its appellee's brief, Rapid Rigging asserts the appeal should be dismissed for lack of a final order, on the grounds the issue of damages was not adjudicated by the court. We agree.
 {¶ 11} "An order is a final order that may be reviewed, affirmed, modified, or reversed * * * when it is * * * [a]n order that vacates or sets aside a judgment." R.C. 2505.02(B)(3). The granting of Civil Rule 60(B) motion for relief from judgment which vacates a default judgment is a final order. GTE Automatic Elec. Co. v. ARCIndustries, Inc. (1976), 47 Ohio St.2d 146, paragraph one of the syllabus ("[a]n order setting aside a default judgment pursuant to Civ. R. 55(B) is a final appealable order, as provided in R.C. 2505.02").
 {¶ 12} However, where the underlying default judgment leaves the issue of damages undetermined, an order vacating that judgment is not a final order. Wolford v. Newark City School Dist. Bd. of Edn. (1991),73 Ohio App.3d 218, 220 ("because the judgment vacated was itself not a final, appealable order, the judgment vacating the partial, incomplete judgment is not a final, appealable order"); accord Genchur v. Walker (Nov. 21, 1997), 11th Dist. No. 96-T-5612, 1997 Ohio App. LEXIS 5240, at *4 ("[a] default judgment that determines liability only, but continues the matter for damages, is not a final judgment") (citations omitted);Arledge v. Brown, 5th Dist. No. 2006-CA-11, 2007-Ohio-57, ¶ 4 ("[a] default judgment which determines the issue of liability but continues the matter for a determination of damages is not a final judgment") (citations omitted). *Page 4 
 {¶ 13} This conclusion is consonant with the general principle, recognized by the Ohio Supreme Court, that "orders determining liability in the plaintiffs' or relators' favor and deferring the issue of damages are not final appealable orders under R.C. 2505.02 because they do not determine the action or prevent a judgment." State ex rel. White v.Cuyahoga Metro. Hous. Auth., 79 Ohio St.3d 543, 546, 1997-Ohio-366
(citation omitted).
 {¶ 14} For the foregoing reasons, the appeal is dismissed. Costs to be taxed against appellant.
 CYNTHIA WESTCOTT RICE, J., MARY JANE TRAPP, J., concur. *Page 1