[Cite as *Greenpoint Mtge. Funding, Inc. v. Kutina*, 2011-Ohio-2241.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

GREENPOINT MORTGAGE FUNDING, INC.

      Appellee

      v.

ROBERT L. KUTINA, et al.

      Appellant

C.A. No.     24275

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2007 05 3858

DECISION AND JOURNAL ENTRY

Dated: May 11, 2011

DICKINSON, Judge.

INTRODUCTION

**{¶1}** GreenPoint Mortgage Funding Inc. sued Robert Kutina and Kimberly Valenti, alleging that they were in default on a loan and seeking to foreclose on the mortgage securing it. When Mr. Kutina and Ms. Valenti did not answer, GreenPoint moved for default judgment, and the trial court entered a decree of foreclosure. Ms. Valenti moved to vacate the court's judgment entry, arguing that GreenPoint did not hold the mortgage, that Mr. Kutina and she had not been served, that her failure to answer was because of excusable neglect, and that the default judgment was based on a false document. The trial court denied the motion as to Ms. Valenti, but vacated its judgment as to Mr. Kutina. Ms. Valenti has appealed, arguing that the court incorrectly refused to vacate its judgment as to her. We dismiss the appeal because the trial court's order is not appealable under Rule 54(B) of the Ohio Rules of Civil Procedure.

## JURISDICTION

{¶2}   Under the Ohio Constitution, Ohio's courts of appeals "have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district . . . ."  Ohio Const. Art. IV § 3(B)(2).  The Ohio Supreme Court has held that Article IV Section 3(B)(2) "empower[s] the General Assembly to alter the appellate jurisdiction of the Court of Appeals." *State v. Collins*, 24 Ohio St. 2d 107, 108 (1970).  The Ohio General Assembly, in Section 2501.02 of the Ohio Revised Code, has provided that the courts of appeals "shall have jurisdiction . . . to review, affirm, modify, set aside, or reverse judgments or final orders of courts of record inferior to the court of appeals within the district . . . ."  See also R.C. 2505.03(A) (providing that "[e]very final order, judgment, or decree of a [lower] court . . . may be reviewed on appeal[.]").  "It is a basic principle of our system of appellate procedure that only judgments and final orders are subject to review." *Humphrys v. Putnam*, 172 Ohio St. 456, 457 (1961).

{¶3}   Even if a trial court's journal entry is a judgment or final order, it is not appealable if it does not comply with the rules prescribed by the Ohio Supreme Court regarding the timing of appeals.  Under Article IV Section 5(B) of the Ohio Constitution, the Ohio Supreme Court has authority to "prescribe rules governing practice and procedure in all courts of the state . . . ."  Exercising that authority, the Supreme Court has prescribed the Ohio Rules of Civil and Appellate Procedure, which contain requirements regarding the timing of appeals.  See *Alexander v. Buckeye Pipe Line Co.*, 49 Ohio St. 2d 158, 160-61 (1977) ("Questions involving the joinder and separation of claims and the timing of appeals are matters of practice and procedure within the rule-making authority of this court . . . .").  For instance, under Rule 54(B) of the Ohio Rules of Civil Procedure, "[if] more than one claim for relief is presented in an

action . . . or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay."

{¶4} The Ohio Supreme Court has held that, if Rule 54(B) is applicable, a judgment must comply with it to be appealable. *Whitaker-Merrell Co. v. Geupel Constr. Co.*, 29 Ohio St. 2d 184, 186 (1972). Accordingly, to determine whether a trial court's journal entry is appealable in a multiple party or multiple claim case, we engage in a two-step analysis examining (1) whether it is a judgment or final order under Sections 2501.02 and 2505.03 of the Ohio Revised Code and (2) whether it complies with Rule 54(B) of the Ohio Rules of Civil Procedure. See *Sullivan v. Anderson Twp.*, 122 Ohio St. 3d 83, 2009-Ohio-1971, at ¶10 ("The general rules regarding final appealable orders in multiparty and/or multiclaim cases involve the tandem of R.C. 2505.02(B) for substance and Civ.R. 54(B) for procedure.").

{¶5} We will focus on the second step of the analysis because, under Section 2505.02(B)(3), "[a]n order that vacates or sets aside a judgment" is a "final order." As noted previously, under Civil Rule 54(B), "[if] more than one claim for relief is presented in an action . . . or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay." "In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties . . . ." *Id*.

{¶6} In its Complaint, GreenPoint named Mr. Kutina, Ms. Valenti, the Summit County Fiscal Officer, the Kimberly A. Valenti Trust, and Huntington National Bank as defendants.

Only Huntington answered, alleging that it has a valid lien on the subject property. After GreenPoint moved for default judgment against Mr. Kutina, Ms. Valenti, and the Valenti Trust, the trial court entered a "Judgment Entry and Decree in Foreclosure," in which it granted GreenPoint's motion for default judgment, determined that Huntington's lien was inferior to GreenPoint's, and "enter[ed] judgment in favor of [GreenPoint] for the relief sought . . . ."

{¶7}    In its order resolving Ms. Valenti's motion to vacate, the trial court denied Ms. Valenti's request for relief, but determined that "the Default Judgment against [Mr.] Kutina cannot be allowed to stand . . . [because] [t]here is no evidence that he was served and there is substantial evidence that [GreenPoint] knew . . . that he no longer resided at the subject property. Regardless of what exactly happened at the property when the pleadings for [Mr.] Kutina were left there, that could not have been sufficient service of process on him." The court, therefore, "[v]acated" the judgment it had rendered against Mr. Kutina.

{¶8}    If the trial court had authority to vacate its judgment against Mr. Kutina even though he did not file a motion under Rule 60(B) of the Ohio Rules of Civil Procedure, then its ruling on Ms. Valenti's motion to vacate is not appealable under Civil Rule 54(B) because it did not adjudicate the rights and liabilities of all of the parties or contain an express determination that there is no just reason for delay. See *Milton Banking Co. v. Dulaney*, 182 Ohio App. 3d 634, 2009-Ohio-1939, at ¶8 (concluding that order granting relief from judgment under Civil Rule 60(B) for one defendant was not appealable because it did not satisfy Civil Rule 54(B) requirements). In *Lincoln Tavern Inc. v. Snader*, 165 Ohio St. 61, 64 (1956), the Ohio Supreme Court held that "a judgment rendered without proper service or entry of appearance is a nullity and void." The Ohio Supreme Court has also "recognized the inherent power of courts to vacate void judgments[.]" *Cincinnati Sch. Dist. Bd. of Educ. v. Hamilton County Bd. of Revision*, 87

Ohio St. 3d 363, 368 (2000); *Van DeRyt v. Van DeRyt*, 6 Ohio St. 2d 31, 36 (1966) ("A court has inherent power to vacate a void judgment because such an order simply recognizes the fact that the judgment was always a nullity."). The trial court, therefore, had inherent authority to vacate its judgment against Mr. Kutina based on its determination that he had not received proper service. *First Merit Bank v. Wood*, 9th Dist. No. 09CA009586, 2010-Ohio-1339, at ¶13; *Erie Ins. v. Williams*, 9th Dist. No. 23157, 2006-Ohio-6754, at ¶5.

{¶9} Although GreenPoint and Ms. Valenti have alleged that Mr. Kutina does not have an interest in the subject property because he transferred any interest that he had to Ms. Valenti at the conclusion of their divorce proceeding, he has not had the opportunity to contest that allegation. We conclude that, because the trial court has not resolved GreenPoint's claims against all of the defendants, its order is not appealable under Rule 54(B) of the Ohio Rules of Civil Procedure. The appeal is dismissed.

CONCLUSION

{¶10} The trial court's order does not resolve all of GreenPoint's claims as to all parties and does not contain a determination that there is no just cause for delay. Ms. Valenti's appeal is dismissed.

Appeal dismissed.

———

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CLAIR E. DICKINSON
FOR THE COURT

CARR, P. J.
WHITMORE, J.
CONCUR

APPEARANCES:

DONALD P. MITCHELL, JR., Attorney at Law, for Appellant.

MATTHEW J. RICHARDSON, and MANLEY DEAS KOCHALSKI, Attorneys at Law, for Appellee.