[Cite as *Maxim Ents., Inc. v. Haley*, 2011-Ohio-6734.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS | |
| | )ss: | NINTH JUDICIAL DISTRICT | |
| COUNTY OF SUMMIT | ) | | |

MAXIM ENTERPRISES, INC.

    Appellee

    v.

STEPHEN T. HALEY

    Appellant/Cross-Appellee

    and

BAC FIELD SERVICES CORP.

    Defendant/Cross-Apellant

C.A. No.    25459

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2008-07-5093

DECISION AND JOURNAL ENTRY

Dated: December 28, 2011

DICKINSON, Judge.

INTRODUCTION

{¶1} Stephen Haley has attempted to appeal an order of the trial court granting Bank of America's motion to vacate judgment. According to Mr. Haley, Countrywide Field Services Corporation hired Maxim Enterprises to inspect and preserve its real properties. Maxim, in turn, hired subcontractors to perform the work. When Countrywide did not pay Maxim, Maxim did not pay the subcontractors. After some of the subcontractors assigned their rights to Mr. Haley, Maxim sued Mr. Haley and those subcontractors, alleging that the assignments were invalid. Mr. Haley subsequently filed a third-party complaint against Countrywide. Because Countrywide had been purchased by Bank of America, he named "Bank of America fka Countrywide Field

Services Corporation" in his complaint. When Bank of America did not answer, Mr. Haley obtained a default judgment against it. Bank of America subsequently moved to vacate the judgment under Rule 60(B) of the Ohio Rules of Civil Procedure, arguing that Mr. Haley did not name the correct entity. The trial court granted Bank of America's motion. Mr. Haley has attempted to appeal, assigning as error that the trial court incorrectly granted Bank of America's motion to vacate. We dismiss the attempted appeal because the trial court's order is not appealable under Rule 54(B) of the Ohio Rules of Civil Procedure.

## JURISDICTION

{¶2} Under the Ohio Constitution, Ohio's courts of appeals "have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district . . . ." Ohio Const. Art. IV § 3(B)(2). The Ohio Supreme Court has held that Article IV Section 3(B)(2) "empower[s] the General Assembly to alter the appellate jurisdiction of the Court of Appeals." *State v. Collins*, 24 Ohio St. 2d 107, 108 (1970). The Ohio General Assembly, in Section 2501.02 of the Ohio Revised Code, has provided that the courts of appeals "shall have jurisdiction . . . to review, affirm, modify, set aside, or reverse judgments or final orders of courts of record inferior to the court of appeals within the district . . . ." See also R.C. 2505.03(A) (providing that "[e]very final order, judgment, or decree of a [lower] court . . . may be reviewed on appeal[.]"). "It is a basic principle of our system of appellate procedure that only judgments and final orders are subject to review." *Humphrys v. Putnam*, 172 Ohio St. 456, 457 (1961).

{¶3} Even if a trial court's journal entry is a judgment or final order, it is not appealable if it does not comply with the rules prescribed by the Ohio Supreme Court regarding the timing of appeals. Under Article IV Section 5(B) of the Ohio Constitution, the Ohio

Supreme Court has authority to "prescribe rules governing practice and procedure in all courts of the state . . . ." Exercising that authority, the Supreme Court has prescribed the Ohio Rules of Civil and Appellate Procedure, which contain requirements regarding the timing of appeals. See *Alexander v. Buckeye Pipe Line Co.*, 49 Ohio St. 2d 158, 159-60 (1977) ("Questions involving the joinder and separation of claims and the timing of appeals are matters of practice and procedure within the rule-making authority of this court . . . ."). For instance, under Rule 54(B) of the Ohio Rules of Civil Procedure, "[if] more than one claim for relief is presented in an action . . . or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay."

{¶4} The Ohio Supreme Court has held that, if Rule 54(B) is applicable, a judgment must comply with it to be appealable. *Whitaker-Merrell Co. v. Geupel Constr. Co.*, 29 Ohio St. 2d 184, 186 (1972). Accordingly, to determine whether a trial court's journal entry is appealable in a multiple party or multiple claim case, we engage in a two-step analysis examining (1) whether it is a judgment or final order under Sections 2501.02 and 2505.03 of the Ohio Revised Code and (2) whether it complies with Rule 54(B) of the Ohio Rules of Civil Procedure. See *Sullivan v. Anderson Twp.*, 122 Ohio St. 3d 83, 2009-Ohio-1971, at ¶10 ("The general rules regarding final appealable orders in multiparty and/or multiclaim cases involve the tandem of R.C. 2505.02(B) for substance and Civ.R. 54(B) for procedure.").

{¶5} We will focus on the second step of the analysis because, under Section 2505.02(B)(3), "[a]n order that vacates or sets aside a judgment" is a "final order." As noted previously, under Civil Rule 54(B), "[if] more than one claim for relief is presented in an action . . . or when multiple parties are involved, the court may enter final judgment as to one or more

but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay." "In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties . . . ." *Id.*

{¶6}   This case has involved numerous claims by numerous parties.  Some of those claims have been resolved, but others have not.  It is not necessary to list all of the parties and their claims in this opinion.  We have reviewed the trial court's order granting Bank of America's motion to vacate judgment and note that it does not resolve all of the outstanding claims or determine that "there is no just reason for delay."  Accordingly, the order is not appealable under Civil Rule 54(B).  *Greenpoint Mortgage Funding Inc. v. Kutina*, 9th Dist. 24275, 2011-Ohio-2241, at ¶9; *Milton Banking Co. v. Dulaney*, 182 Ohio App. 3d 634, 2009-Ohio-1939, at ¶8 (concluding that order granting relief from judgment under Civil Rule 60(B) for one defendant was not appealable because it did not satisfy Civil Rule 54(B) requirements).  The attempted appeal is dismissed.

## CONCLUSION

{¶7}   The trial court's order does not resolve all of the outstanding claims or contain a determination that there is no just cause for delay.  Mr. Haley's attempted appeal is dismissed.

Appeal dismissed.

———

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the

period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant/Cross-Appellee.

CLAIR E. DICKINSON
FOR THE COURT

CARR, P.J.
CONCURS IN JUDGMENT ONLY

MOORE, J.
CONCURS IN JUDGMENT ONLY

APPEARANCES:

JEFFREY C. MILLER, Attorney at Law, for Appellant/Cross-Appellee.

JAMES S. WERTHEIM and MONICA LEVINE LACKS, Attorneys at Law, for Appellee/Cross-Appellant.