[Cite as *Milton Banking Co. v. Dulaney*, 2012-Ohio-1494.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
JACKSON COUNTY

| | | |
|---|---|---|
| THE MILTON BANKING COMPANY, | : | |
| Plaintiff-Appellant, | : | Case No. 11CA1 |
| vs. | : | |
| BRIAN W. DULANEY, et al., | : | DECISION AND JUDGMENT ENTRY |
| Defendants-Appellees. | : | |

APPEARANCES:

COUNSEL FOR APPELLANTS,
THE MILTON BANKING CO. &
FIRST NATIONAL BANK OF
WELLSTON:

Robert R. Miller, Oths, Heiser &
Miller, Sixteen East Broadway,
P.O. Box 309, Wellston, Ohio 45692

COUNSEL FOR APPELLEE:
CHASE HOME FINANCE,
L.L.C.:

Darryl E. Gormley, Reimer,
Arnovitz, Chernek & Jeffrey Co.
L.P.A., 2450 Edison Boulevard, P.O. Box 968, Twinsburg,
Ohio 44087

CIVIL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 3-28-12

ABELE, P.J.

{¶ 1} This is an appeal from a Jackson County Common Pleas Court order that granted Civ.R. 60(B) relief on a default judgment taken against Chase Home Finance, L.L.C. (Chase), defendant below and appellee herein. The Milton Banking Company (Milton), plaintiff below and appellant herein, and First National Bank of Wellston (Wellston), defendant below and

appellant herein, assign the following errors for review:

> FIRST ASSIGNMENT OF ERROR:
>
> "THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN
> GRANTING CHASE HOME FINANCE LLC'S MOTION FOR
> RELIEF FROM JUDGMENT."
>
> SECOND ASSIGNMENT OF ERROR:
>
> "THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN
> ORDERING A MARGINAL NOTE TO BE MADE UPON VOL.
> 12, PG. 1313 OF THE JACKSON COUNTY RECORD OF
> MORTGAGE AND THE RECORDER INDEX TO SHOW THE
> EFFECT OF THE TRIAL COURT'S ENTRY."
>
> THIRD ASSIGNMENT OF ERROR:
>
> "THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN
> FINDING (A) THAT DEFENDANT CHASE HAS
> DEMONSTRATED RELIEF UNDER CIVIL RULE 60(B); (B)
> THAT DEFENDANT CHASE HAS DEMONSTRATED THAT
> IT HAS A MERITORIOUS DEFENSE OR CLAIM TO
> PRESENT IF RELIEF IS GRANTED; (C) THAT DEFENDANT
> CHASE IS ENTITLED TO RELIEF UNDER CIVIL RULES
> 60(B)(1),(3), (4) AND (5); AND (D) THAT DEFENDANT
> CHASE HAS MADE THE MOTION WITH A REASONABLE
> TIME UNDER CIV.R. 60(B)(4) AND (5) AND UNDER 60(B)(1)
> AND (3) NOT MORE THAN ONE YEAR AFTER
> JUDGMENT."

{¶ 2} This is the third time this case has visited this Court. Consequently, we take much of our factual recitation from previous opinions. On July 29, 2003, Brian W. Dulaney executed a $210,000 note to Chase's predecessor-in- interest. He and his wife, Shauna N. Dulaney, also conveyed a mortgage on their 776 Rock Run Road property as security for that note.

{¶ 3} On March 6, 2006, Milton obtained a $407,706.05 judgment against the Dulaneys and levied a lien against their property. Milton commenced this action on October 20, 2006 to

marshal all liens on the Dulaney property and to foreclose on its interest (case No. 06CIV272). The Dulaneys, however, had previously filed a Chapter 7 liquidation in the United States Bankruptcy Court, thus staying the action. During that stay, Milton requested default judgment on Chase's mortgage interest, as Chase had not answered Milton's complaint. On June 8, 2007, the trial court granted a default judgment against Chase and ordered that Chase's interest be cancelled of record.

{¶ 4} In the meantime, the Dulaney property was abandoned from the bankruptcy estate. Chase commenced an action in January 2008 to foreclose on its mortgage interest and joined Milton and Wellston as defendants. Both lienholders filed Civ.R. 12(B)(6) motions to dismiss the foreclosure and argued that Chase no longer had an interest in the premises due to the aforementioned default judgment.

{¶ 5} This prompted Chase to file a Civ.R. 60(B) motion for relief from the default judgment. Chase argued that the default judgment was void because it violated the bankruptcy stay. The trial court agreed with Chase that the default judgment was void ab initio and, thus, denied the Civ.R. 12(B)(6) motions to dismiss. An appeal was taken from that judgment that we dismissed for lack of a final appealable order. Milton Banking Co. v. Dulaney, 182 Ohio App.3d 634, 914 N.E.2d 433, 2009-Ohio-1939, at ¶¶7-8 (Milton I).

{¶ 6} Subsequently, the trial court re-entered the judgment but, this time, with language that satisfied the finality requirements of Ohio law. In the second appeal we agreed with Chase's argument that the default judgment violated the bankruptcy law's automatic stay. Milton Banking Co. v. Dulaney, Jackson App. No. 09CA10, 2010-1907, at ¶16 (Milton II).

However, we disagreed that the default judgment was void ab initio and that the trial court had inherent power to vacate that judgment. Rather, we held that the judgment was voidable and that to vacate it the trial court must issue a ruling under Civ.R. 60(B). Milton II, at ¶¶25-27. Thus, we remanded the case for the trial court to enter appropriate findings pursuant to that rule. Id. at ¶29.

**{¶ 7}** On December 3, 2010, the trial court entered judgment and granted Chase Civ.R 60(B) relief from the default judgment. In so doing, the court found that the motion was brought within an appropriate time and that Chase established entitlement to relief under subparts (1), (3), (4) and (5). The trial court ordered the default judgment vacated and Chase's mortgage reinstated. This appeal followed.[1]

I

**{¶ 8}** We jointly consider the three assignments of error because they involve the same issue - whether the trial court erred by granting Chase relief from judgment.

**{¶ 9}** A Civ.R. 60(B) motion for relief from judgment is committed to the trial court's sound discretion and its ruling will not be disturbed absent an abuse of that discretion. State ex rel. Russo v. Deters (1997), 80 Ohio St.3d 152, 153, 684 N.E.2d 1237; Griffey v. Rajan (1987),

---

[1] Before we turn to the merits of the assignments of error, we pause to address a procedural issue. App.R. 16(A)(7) requires an appellant's brief to contain arguments "with respect to each assignment of error." (Emphasis added.) Although appellate courts have the option to address two or more assignments of error at once, the parties do not. See Powell v. Vanlandingham, Washington App. No. 10CA24, 2011-Ohio-3208, at ¶24; Keffer v. Cent. Mut. Ins. Co., Vinton App. No. 06CA652, 2007–Ohio–3984, at ¶8, fn. 2. Parties must comply with the Ohio Rules of Appellate Procedure. If not, App.R. 12(A)(2) permits us to disregard those assignments of error that are not separately argued.

In the case sub judice, appellants' three assignments of error are not separately argued. Thus, we could simply disregard them and uphold the trial court's judgment. Nevertheless, in the interests of justice, we will consider the assignments of error.

33 Ohio St.3d 75, 77, 514 N.E.2d 1122. We note that generally an abuse of discretion is more than an error of law or judgment; rather, it implies that a trial court's attitude is unreasonable, arbitrary or unconscionable. Landis v. Grange Mut. Ins. Co. (1998), 82 Ohio St.3d 339, 342, 695 N.E.2d 1140; Malone v. Courtyard by Marriott L.P. (1996), 74 Ohio St.3d 440, 448, 659 N.E.2d 1242. In applying the abuse of discretion standard, appellate courts must not substitute their judgment for that of the trial court. State ex rel. Duncan v. Chippewa Twp. Trustees (1995), 73 Ohio St.3d 728, 732, 654 N.E.2d 1254; In re Jane Doe 1 (1991), 57 Ohio St.3d 135, 137-138, 566 N.E.2d 1181.

{¶ 10} One reason for our remand in this case was our difficulty in discerning the trial court's reasons for granting Civ.R. 60(B) relief. Also, because neither party had submitted motions we could not review their respective arguments. Milton II, at ¶27. Chase did file a supplemental memorandum on August 4, 2010 and set out its reasons for Civ.R. 60(B) relief. We note that generally to prevail on such motion, Chase must meet the following test:

> "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." See GTE Automatic Elec., Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, 351 N.E.2d 113, at paragraph two of the syllabus.

A failure to satisfy these criteria will result in a denial of the motion. Strack v. Pelton (1994), 70 Ohio St.3d 172, 174, 637 N.E.2d 914; Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 20, 520 N.E.2d 564.

{¶ 11} Chase argued in its supplemental brief that it has a mortgage lien on the Dulaney

property and, thus, a meritorious defense to present if relief is granted.   Civ.R. 60(B)(3) also allows for relief when a party commits some misrepresentation or misconduct.   As Chase notes, we observed in Milton II that the default judgment was taken in violation of the automatic stay. Id. at ¶16.   This is sufficient to meet the Civ.R. 60(B)(3) requirement.   Finally, the motion was filed within one year after the default judgment. See Milton I, supra at ¶¶4-6.

{¶ 12}   In short, we agree with the trial court's conclusion that Chase satisfied all the requirements for relief under Civ.R. 60(B), as well as GTE Automatic Elec., Inc., supra, at paragraph two of the syllabus.   Furthermore, courts must strive to decide cases on their merits when possible, rather than on pleading technicalities.   See, generally, In re Kister, 194 Ohio App.3d 270, 955 N.E.2d 1029, 2011-Ohio-2678, at ¶17; Smith v. Redecker, Athens App. No. 08CA33, 2010-Ohio-505, at ¶26.   Thus, we agree with the trial court's conclusion that the interests of justice in this case are best served by vacating the default judgment and requiring the parties to establish lien priority.

{¶ 13}   Accordingly, we find that the trial court committed no abuse of discretion by granting Chase relief from a prior default judgment.   Thus, we hereby overrule Milton's assignments of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

Kline, J., concurring.

**{¶ 14}** I concur in judgment and opinion with one exception. Although I agree that we should strive to decide cases on their merits, I would not characterize a default judgment as a pleading technicality. Instead, I would simply note that, generally, "the law disfavors default judgments[.]" *Suki v. Blume*, 9 Ohio App.3d 289, 290, 459 N.E.2d 1311 (8th Dist.1983).

**{¶ 15}** I concur in judgment and opinion in all other respects.

<u>JUDGMENT ENTRY</u>

It is ordered that the judgment be affirmed and appellee to recover of appellant costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Jackson County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Kline, J.: Concurs in Judgment & Opinion with Opinion   McFarland, J.: Concurs in Judgment & Opinion

For the Court

BY:_____

Peter B. Abele
Presiding Judge

NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.