[Cite as *Thomas v. Roscoe*, 2022-Ohio-264.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

LEONARD W. THOMAS,

    Plaintiff-Appellant,

- v -

CHELSIE A. ROSCOE, et al.,

    Defendant-Appellee.

**CASE NO. 2021-T-0051**

Civil Appeal from the
Court of Common Pleas

Trial Court No. 2020 CV 00101

## M E M O R A N D U M
## O P I N I O N

Decided: January 31, 2022
Judgment: Appeal dismissed

*Benjamin P. Pfouts*, 3200 West Market Street, Suite 106, Akron, OH 44333 (For Plaintiff-Appellant).

*Richard C.O. Rezie* and *Rachel L. Coles*, Gallagher Sharp, LLP, 1215 Superior Avenue, 7th Floor, Cleveland, OH 44114 (For Defendant-Appellee).

MATT LYNCH, J.

{¶1} Appellant, Leonard W. Thomas, appeals from an entry of the Trumbull County Court of Common Pleas. Because the trial court's judgment entry is not a final appealable order for the reasons that follow, we hereby dismiss this appeal.

{¶2} Appellant filed a complaint against appellee, Chelsie A. Roscoe, and Safe Auto Mutual Insurance Company. Appellant filed a motion for default judgment against appellee, which was granted. Appellant voluntarily dismissed Safe Auto and later filed a supplemental complaint against Liberty Mutual Insurance Company. Liberty Mutual

answered the complaint and filed a counterclaim. Appellee filed a motion to vacate default judgment, which the trial court granted on October 29, 2021. That entry did not include "there is no just reason for delay" language pursuant to Civ.R. 54(B). This appeal ensued.

{¶3} Initially, we must determine if there is a final order since this court may entertain only those appeals from final judgments. *Noble v. Colwell*, 44 Ohio St.3d 92, 96 (1989). According to Section 3(B)(2), Article IV of the Ohio Constitution, a trial court's judgment can only be immediately reviewed by an appellate court if it constitutes a "final order" in the action. *Germ v. Fuerst*, 11th Dist. Lake No. 2003-L-116, 2003-Ohio-6241, ¶ 3. If it is not final, then an appellate court does not have jurisdiction to review the matter, and the matter must be dismissed. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989). For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and if applicable, Civ.R. 54(B). *See Children's Hosp. Med. Ctr. v. Tomaiko*, 11th Dist. Portage No. 2011-P-0103, 2011-Ohio-6838, ¶ 3.

{¶4} Pursuant to R.C. 2505.02(B), there are seven categories of a "final order," and if the judgment of the trial court satisfies any of them, it will be deemed a "final order" and can be immediately appealed and reviewed by a court of appeals.

{¶5} Civ.R. 54(B) provides the following:

> When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and * * * when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order * * * which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

2

Case No. 2021-T-0051

{¶6}    Pursuant to R.C. 2505.02(B)(3), a final order is one that, among other things, vacates or sets aside a judgment.  The granting of Civ.R. 60(B) motion for relief from judgment which vacates a default judgment is a final order.  *GTE Automatic Elec. Co. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, paragraph one of the syllabus (1976).

{¶7}    "However, where the underlying default judgment leaves the issue of damages undetermined, an order vacating that judgment is not a final order."  *Arrow Machine Co., Ltd. v. Rapid Rigging, Inc.*, 11th Dist. Lake No. 2007-L-114, 2008-Ohio-526, ¶ 12.  Here, although the magistrate issued an entry ruling on damages, it was not adopted by the judge and there was no final entry of the court including both the finding of default and the damages.  It follows, then, that the entry vacating the default judgment was also not a final order. This conclusion is consistent with the principle, recognized by the Supreme Court of Ohio, that in general, "orders determining liability in the plaintiffs' or relators' favor and deferring the issue of damages are not final appealable orders under R.C. 2505.02 because they do not determine the action or prevent a judgment."  *State ex rel. White v. Cuyahoga Metro. Hous. Auth.*, 79 Ohio St.3d 543, 546 (1997).

{¶8}    Further, there are claims still pending between the parties, and the October 29, 2021 entry on appeal contained no Civ.R. 54(B) language.  Thus, no final order currently exists, and this court is without jurisdiction to hear this appeal.

{¶9}    Appeal dismissed.


CYNTHIA WESTCOTT RICE, J.,

JOHN J. EKLUND, J.,

concur.

3

Case No. 2021-T-0051