DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Betty Haught, appeals the decision of the Lorain County Court of Common Pleas, which granted summary judgment to appellee, The Leader Mortgage Company. This Court affirms.
 I. {¶ 2} Appellee is the owner and holder of a note and mortgage executed by appellant and Sharon Haught in September of 1998. In April of 2003, appellee commenced a foreclosure action against appellant and Sharon Haught on the grounds they defaulted on the mortgage by failing to make payments as required under the terms of the note. Appellee alleged that it was entitled to foreclose upon the subject property and that appellant and Sharon Haught owed upon the note in the amount of $57,254.85 plus interest at the rate of 7% from September 1, 2002. Appellant filed an answer denying the allegations.
 {¶ 3} On June 23, 2003, appellee filed a motion for summary judgment with the trial court. Appellant filed a response in opposition to appellee's motion. On July 10, 2003, the trial court granted summary judgment in favor of appellee.
 {¶ 4} Appellant timely appealed, setting forth one assignment of error for review.
 II. ASSIGNMENT OF ERROR
"The trial court erred when it granted summary judgment to appellee in this foreclosure action, despite the absence of any admissible evidence establishing the balance owed to appellee."
 {¶ 5} In her sole assignment of error, appellant argues the trial court erred when it granted summary judgment to appellee in this foreclosure action, despite the absence of any admissible evidence establishing the balance owed to appellee. This Court disagrees.
 {¶ 6} Pursuant to Civ.R. 56(C), it is appropriate for a trial court to grant summary judgment when:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
To succeed on a summary judgment motion, the movant "bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case." (Emphasis sic.) Dresher v. Burt (1996),75 Ohio St.3d 280, 292. If the movant satisfies this burden, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." Id. at 293, quoting Civ.R. 56(E).
 {¶ 7} An appellate court will review summary judgment de novo. Helton v. Scioto Cty. Bd. of Commrs. (1997),123 Ohio App.3d 158, 162. Like the trial court, the appellate court must view the facts in the light most favorable to the nonmoving party. Viock v. Stowe-Woodward Co. (1983), 13 Ohio App.3d 7,12. Any doubt must be resolved in favor of the nonmoving party. Id.
 {¶ 8} In its motion for summary judgment, appellee argued it is entitled to judgment in the foreclosure action due to Sharon and Betty Haught's default in payment on the mortgage note held by appellee. In support of its argument, appellee presented copies of the note and mortgage, both of which listed appellee as the lender and Sharon and Betty Haught as the borrowers. The documents contained the initials and signatures of both women. Appellee also presented the notarized affidavit of Rhonda Nitsche, which provided that Nitsche was employed by appellee and that the attached note and mortgage documents were true and accurate copies of the original instruments. Rhonda Nitsche also stated the following in her affidavit:
"5. The affiant has examined and has personal knowledge of the loan amount of Sharon L. Haught and Betty J. Haught; that said account is under affiant's supervision; that there is presently due a principal balance of $57,254.85 with interest thereon at the rate of 7% per annum from September 1, 2002; that said account has been and remains in default."
 {¶ 9} Appellant did not produce any contrary evidence in response to appellee's motion for summary judgment. In her response, appellant merely stated that she took issue with the $57,254.85 amount and argued appellee failed to comply with the requirements of Civ.R. 56 in establishing the amount owed on the mortgage was in fact $57,254.85. However, appellant failed to present any evidence to support her claim that the amount owed was anything other than $57,254.85. It is well settled that, once the party moving for summary judgment meets it evidentiary burden, the party opposing the motion must then present its own evidence to show a genuine issue of fact does remain as it may not rest upon the mere allegations or denials of its pleadings. Civ.R. 56(E); see, also, McGuire v. Lovell (1999),85 Ohio St.3d 1216.
 {¶ 10} After reviewing the undisputed evidence in the light most favorable to appellant, this Court finds that no genuine issue remained with regard to the fact that she owed appellee for the mortgage in the amount of $57,254.85. In light of the above facts and the applicable law, this Court finds that summary judgment was properly granted in favor of appellee.
 {¶ 11} Appellant's sole assignment of error is overruled.
 III. {¶ 12} Accordingly, the judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
Baird, J. and Batchelder, J., Concur.