[Cite as *Kowalski v. Smith*, 2011-Ohio-2709.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | | |

KENNETH KOWALSKI, et al.

     Appellants

     v.

LISA SMITH, et al.

     Appellees

C.A. No.     10CA0038

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF WAYNE, OHIO
CASE No.     07-CV-0607

DECISION AND JOURNAL ENTRY

Dated: June 6, 2011

---

DICKINSON, Judge.

INTRODUCTION

**{¶1}** Kenneth and Patricia Kowalski sued Lisa Smith, alleging that she fraudulently told them that the basement of the house that she was selling to them had been properly sealed. While the case was pending, Deutsche Bank National Trust Company filed a complaint for foreclosure against the Kowalskis because they had stopped paying on their home loan. The trial court consolidated the cases and set them for trial on May 22, 2009. When Deutsche Bank did not appear for trial, the trial court dismissed its complaint with prejudice. It found in favor of the Kowalskis on their claims and entered judgment against Ms. Smith, which Ms. Smith appealed. While Ms. Smith's appeal was pending, Deutsche Bank moved for relief from judgment under Rule 60(B) of the Ohio Rules of Civil Procedure. The trial court "granted" its motion. The Kowalskis have appealed the trial court's ruling on the motion for relief from judgment. We

vacate the trial court's ruling because it did not have jurisdiction to consider Deutsche Bank's motion while Ms. Smith's appeal was pending in this Court.

## TRIAL COURT JURISDICTION

{¶2} The Kowalskis' first assignment of error is that the trial court incorrectly granted Deutsche Bank's motion for relief from judgment while an appeal in the case was pending. They have argued that the court's ruling is void and have requested that we vacate the order.

{¶3} The Ohio Supreme Court has held that, "[o]nce a case has been appealed, the trial court loses jurisdiction except to take action in aid of the appeal." *In re S.J.*, 106 Ohio St. 3d 11, 2005-Ohio-3215, at ¶9. "The trial court [only] retains jurisdiction over issues not inconsistent with the appellate court's jurisdiction to reverse, modify, or affirm the judgment appealed from." *Id.*; *State ex rel. Electronic Classroom of Tomorrow v. Cuyahoga County Court of Common Pleas*, __ Ohio St. 3d __, 2011-Ohio-626, at ¶13. The Ohio Supreme Court has "expressly held that an appeal divests trial courts of jurisdiction to consider Civ.R. 60(B) motions for relief from judgment." *Howard v. Catholic Soc. Serv. of Cuyahoga County Inc.*, 70 Ohio St. 3d 141, 147 (1994). "Jurisdiction may be conferred on the trial court only through an order by the reviewing court remanding the matter for consideration of the Civ.R. 60(B) motion." *Id.*

{¶4} The trial court entered its final judgment on August 31, 2009, awarding the Kowalskis damages against Ms. Smith and dismissing Deutsche Bank's foreclosure complaint for failure to prosecute. Ms. Smith timely appealed the judgment, which remained pending in this Court until we issued an opinion on August 9, 2010. Meanwhile, on January 20, 2010, Deutsche Bank moved for relief from judgment, which the trial court attempted to grant on June 29, 2010.

**{¶5}** Under *Howard*, the trial court did not have jurisdiction to consider a motion for relief from judgment under Rule 60(B) of the Ohio Rules of Civil Procedure while an appeal from the judgment was pending in this Court. *Howard v. Catholic Soc. Serv. of Cuyahoga County Inc.*, 70 Ohio St. 3d 141, 147 (1994). Accordingly, the trial court's ruling on the motion was void, and is hereby vacated. *Ormandy v. Dudzinski*, 9th Dist. No. 09CA009713, 2010-Ohio-2017, at ¶11. The Kowalskis' first assignment of error is sustained. Their second assignment of error is moot and is overruled on that basis. See App. R. 12(A)(1)(c).

CONCLUSION

**{¶6}** The trial court did not have jurisdiction to rule on a motion for relief from judgment under Rule 60(B) of the Ohio Rules of Civil Procedure while an appeal from its judgment was before this Court. The trial court's order granting Deutsche Bank's motion is vacated, and this matter is remanded for further proceedings consistent with this opinion.

Judgment vacated,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellees.

_____
CLAIR E. DICKINSON
FOR THE COURT

CARR, P. J.
WHITMORE, J.
CONCUR

APPEARANCES:

JASON M. STORCK, Attorney at Law, for Appellants.

ROBIN M. WILSON, Attorney at Law, for Appellees.