[Cite as *Kowalski v. Smith*, 2012-Ohio-2974.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

KENNETH KOWALSKI, et al.

     Appellants

     v.

LISA M. SMITH INC. dba
SMITH QUALITY HOMES, et al.

     Appellees

C.A. No.     11CA0056

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF WAYNE, OHIO
CASE No.    07 CV 00607

DECISION AND JOURNAL ENTRY

Dated: June 29, 2012

---

WHITMORE, Presiding Judge.

**{¶1}** Appellants, Kenneth and Patricia Kowalski (collectively "the Kowalskis"), appeal from the judgment of the Wayne County Court of Common Pleas. This Court affirms.

I

**{¶2}** The Kowalskis sued Lisa Smith and her company, Lisa M. Smith, Inc., dba Smith Quality Homes, for fraud and rescission after they purchased property on Steiner Road from Smith. A trustee for Deutsche Bank National Trust Company ("Deutsche") moved to consolidate the Kowalskis' suit against Smith with a foreclosure suit Deutsche filed against the Kowalskis after they defaulted on the mortgage for the Steiner Road property. The trustee explained that the Kowalskis had obtained a stay in the foreclosure suit pending the resolution of their suit against Smith, so either consolidation or Deutsche's intervention was necessary to protect Deutsche's interest. The trial court granted Deutsche's motion and consolidated the two cases.

{¶3} Deutsche participated in several telephone scheduling conferences, but did not appear for trial. The Kowalskis moved to dismiss the foreclosure suit for Deutsche's failure to prosecute. The trial court granted their motion and dismissed Deutsche's complaint with prejudice pursuant to Civ.R. 41(B)(1). Deutsche did not take any action in response to the dismissal. The matter proceeded on Smith's direct appeal from an unfavorable judgment in which the court resolved all the outstanding claims. This Court specifically noted on appeal that Deutsche was not a party because the trial court had dismissed its case against the Kowalskis. *Kowalski v. Smith*, 9th Dist. No. 09CA0059, 2010-Ohio-3662, ¶ 5. We reversed the money judgment in favor of the Kowalskis and remanded for the entry of judgment consistent with our opinion. *Id.* at ¶ 19.

{¶4} While Smith's appeal was pending with this Court, Deutsche filed a motion for relief from judgment in the trial court. Deutsche asserted that its failure to appear stemmed from excusable neglect and asked the court to vacate the dismissal of the foreclosure action. The Kowalskis opposed Deutsche's motion, but the trial court found excusable neglect and granted the motion without a hearing. The Kowalskis appealed, and this Court agreed with their assertion that Deutsche's motion for relief was not properly before the trial court. *Kowalski v. Smith*, 9th Dist. No. 10CA0038, 2011-Ohio-2709, ¶ 6. We vacated the trial court's ruling because it lacked jurisdiction to consider the motion while the matter was pending on direct appeal. *Id.* at ¶ 6.

{¶5} After this Court vacated the trial court's ruling, Deutsche once again filed a motion for relief from judgment. The Kowalskis opposed the motion. Consistent with its previous ruling, the trial court found that Deutsche demonstrated excusable neglect and granted its motion without a hearing.

{¶6} The Kowalskis now appeal from the trial court's judgment and raise one assignment of error for our review.

II

Assignment of Error

THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN GRANTING THE MOTION OF THE TRUSTEE BASED ON AN AFFIDAVIT AND WITHOUT HEARING[.]

{¶7} In their sole assignment of error, the Kowalskis argue that the trial court erred by granting Deutsche's motion for relief. They challenge the trial court's ultimate decision to grant the motion as well as its decision to do so absent a hearing. We do not agree that the trial court erred here.

{¶8} Initially, we address our jurisdiction to hear this matter, as our jurisdiction is limited to the review of final orders of lower courts. Ohio Constitution, Article IV, Section 3(B)(2). In the absence of a final, appealable order, this Court must dismiss the appeal for lack of jurisdiction. *See id. See also Lava Landscaping, Inc. v. Rayco Mfg., Inc.*, 9th Dist. No. 2930-M, 2000 WL 109108, *1 (Jan. 26, 2000). This Court previously has dismissed appeals from a trial court's ruling on a Civ.R. 60(B) motion to vacate where the ruling lacked Civ.R. 54(B) language and the trial court had not yet resolved all of the outstanding claims. *See Maxim Ents., Inc. v. Haley*, 9th Dist. No. 25459, 2011-Ohio-6734; *Greenpoint Mtge. Funding, Inc. v. Kutina*, 9th Dist. No. 24275, 2011-Ohio-2241. Those cases are distinguishable from this one. Although the trial court's Civ.R. 60(B) ruling here only pertains to Deutsche's claim against the Kowalskis and does not contain Civ.R. 54(B) language, the record reflects that there were no other outstanding claims at the time the trial court granted the motion. All of the other claims in this matter were resolved in the final judgment entry that was the subject of the direct appeal in

*Kowalski*. *See Kowalski*, 2010-Ohio-3662, at ¶ 6. Thus, the trial court's ruling on Deutsche's motion to vacate is a final, appealable order from which the Kowalskis may appeal.

{¶9} "The decision to grant or deny a motion to vacate judgment pursuant to Civ.R. 60(B) lies in the sound discretion of the trial court and will not be disturbed absent an abuse of discretion." *Buckingham, Doolittle & Burroughs, L.L.P. v. Healthcare Imaging Solutions L.L.C.*, 9th Dist. No. 24699, 2010-Ohio-418, ¶ 8, citing *Strack v. Pelton*, 70 Ohio St.3d 172, 174 (1994). An abuse of discretion means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶10} Civ.R. 60(B)(1) permits a party to seek relief from a final judgment on the basis of "mistake, inadvertence, surprise or excusable neglect."

> To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time[.]

*GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. Because the test is conjunctive, a trial court only may grant a Civ.R. 60(B) motion if it satisfies all three *GTE Automatic* requirements. *Countrywide Home Loans Servicing, L.P. v. Murphy-Kesling*, 9th Dist. No. 25297, 2010-Ohio-6000, ¶ 10. For ease of analysis, we consider the three requirements out of order.

{¶11} Deutsche filed its first motion for relief five months after the court entered its dismissal with prejudice and filed its second motion for relief within one month after this Court vacated the trial court's ruling on the first motion. *See Kowalski*, 2011-Ohio-2709, at ¶ 6. The Kowalskis do not challenge Deutsche's motion on the basis of timeliness, App.R. 16(A)(7), and the record supports the conclusion that the motion was timely. *See GTE Automatic*, 47 Ohio St.2d at paragraph two of the syllabus (requiring motion for relief to be based on a ground

enumerated in Civ.R. 60(B) and brought within a reasonable time); Civ.R. 60(B) (providing that a motion based on excusable neglect must be filed with a year of the judgment from which the movant seeks relief). Therefore, the trial court did not abuse its discretion by finding that Deutsche satisfied the third prong of the *GTE Automatic* test. *See GTE Automatic* at paragraph two of the syllabus.

{¶12} As to its meritorious defense, Deutsche alleged in its motion that it held a mortgage in favor of Patricia Kowalski, the Kowalskis stopped paying the mortgage in October 2007, and Patricia Kowalski currently owed $196,424.18 on the mortgage. The holder of a mortgage note on which the mortgagor defaults is entitled to judgment in a foreclosure action. *See The Leader Mtge. Co. v. Haught*, 9th Dist. No. 03CA008318, 2004-Ohio-1417, ¶ 8-10. To satisfy the second element of *GTE Automatic*, a Civ.R. 60(B) movant only needs to allege a meritorious defense. *Strinka v. Witten*, 9th Dist. No. 11CA009984, 2012-Ohio-539, ¶ 14-15. Given the assertions in Deutsche's motion and the fact that the Kowalskis never denied defaulting on their mortgage, the trial court did not abuse its discretion by finding that Deutsche asserted a meritorious defense.

{¶13} Because Deutsche satisfied the timeliness and meritorious defense aspects of the *GTE Automatic* test, it was within the trial court's discretion to grant Deutsche's motion so long as Deutsche set forth sufficient operative facts to demonstrate excusable neglect. *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20-21 (1988). In support of its motion, Deutsche attached the affidavit of the attorney who served as its trial counsel. The attorney, Stacy Hart, averred that she was unaware that the court was requiring Deutsche to be present at the trial of the claims between Kowalski and Smith. Hart attested to the fact that she contacted the court numerous times and was told that she would be notified if her future appearance was necessary.

According to Hart, the court notified her that she did not need to appear at the original May 5, 2009 trial date. She then was never notified (1) when the trial was moved to May 22, 2009, or (2) that her failure to attend the new trial date would result in dismissal. Hart also averred that she never received individualized notice of the only order, issued on May 5, 2009, in which the trial court wrote that Deutsche would not be excused from appearing at the May 22, 2009 trial date if it wished to pursue its claim. Finally, Hart stated that she never received a copy of the court's final judgment entry. The court's docket contains journalized entries of the court's May 5, 2009 order postponing the trial date and the final judgment of the court, but neither contains a notice of service filed by the clerk. *See* Civ.R. 58(B).

{¶14} This Court has recognized that "there is no clear and established standard as to what constitutes 'excusable neglect' and, therefore, it is a determination left to the sound discretion of the trial court." *Blair v. Boye-Doe*, 157 Ohio App.3d 17, 2004-Ohio-1876, ¶ 10 (9th Dist.). "[I]naction of a defendant is not 'excusable neglect' if it can be labeled as a 'complete disregard for the judicial system.'" *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 20 (1996), quoting *GTE Automatic*, 47 Ohio St.2d at 153. Based on our review of the record, we cannot say that it was unreasonable for the trial court to find excusable neglect here. Deutsche set forth evidence that it did not receive notice of either the court's orders or the court's final judgment entry. Deutsche's failure to respond was not simply a "disregard for the judicial system." *Kay* at 20. Therefore, the trial court did not err in its discretionary determination that Deutsche asserted excusable neglect.

{¶15} The Kowalskis do not challenge any particular aspect of the trial court's judgment. Instead, they broadly assert that the trial court erred in this "highly unusual situation" by granting a motion for relief from judgment in the absence of a hearing. The Kowalskis insist

that the trial court's ruling deprived them of the ability to contest the factual assertions set forth in Hart's affidavit.

{¶16} The Kowalskis had an opportunity to respond to Deutsche's motion as they filed a brief in opposition. More importantly, this case does not present an unusual situation.

> Where the record contains sufficient evidence of excusable neglect on which to base a decision to grant a Civ.R. 60(B)(1) motion to vacate a default judgment and the movant has made a timely motion and has a meritorious defense, a trial court does not abuse its discretion if it grants the Civ.R. 60(B)(1) motion to vacate a judgment without first holding an evidentiary hearing on the Civ.R. 60(B)(1) issue.

*Doddridge v. Fitzpatrick*, 53 Ohio St.2d 9 (1978), syllabus. "To require a hearing even though there is sufficient evidence of a valid Rule 60(B)(1) claim on the record would not further the interests of justice, implement speedy litigation or encourage the decision of cases on the merits." *Id.* at 14. As set forth above, Deutsche's motion satisfied all three aspects of the test set forth in *GTE Automatic*. *See GTE Automatic* at paragraph two of the syllabus. The trial court, therefore, did not abuse its discretion by granting the motion in the absence of a hearing. *Doddridge* at syllabus. The Kowalskis' sole assignment of error is overruled.

### III

{¶17} The Kowalskis' sole assignment of error is overruled. The judgment of the Wayne County Court of Common Pleas is affirmed.

{¶18} Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

---

BETH WHITMORE
FOR THE COURT

CARR, J.
CONCURS.

BELFANCE, J.
DISSENTING.

{¶18} I respectfully dissent, as I would conclude that the Kowalskis were entitled to an evidentiary hearing so that they could challenge the credibility of Deutsche's affiant and the veracity of the assertions made in her affidavit.

{¶19} While it is clear that a movant is entitled to a hearing on a Civ.R. 60(B) motion under certain circumstances, it is not clear when a nonmovant is entitled to a hearing. *See Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 19 (1996) (Internal quotations and citation omitted.) (noting that, "[i]f the movant files a motion for relief from judgment and it contains allegations

of operative facts which would warrant relief under Civil Rule 60(B), the trial court should grant a hearing to take evidence and verify these facts before it rules on the motion").

{¶20} In the instant matter, the Kowalskis, the nonmovants, requested a hearing so that they could contest the credibility of Deutsche's affiant and cross-examine her concerning the factual assertions made in her affidavit. Given the nature of the factual assertions made in the affidavit, it would be unlikely that the Kowalskis could produce an affidavit or other evidence to challenge Deutsche's affidavit. Thus, the only way for the Kowalskis to be able to challenge what was stated in the affidavit would be via an evidentiary hearing.

{¶21} I find persuasive the reasoning and analysis of the Tenth District in *Dugger v. Spratt*, 10th Dist. No. 94APE12-1713, 1995 WL 454736 (July 25, 1995). There, the court stated:

> Given the existence of unresolved factual issues, and given defendants' contention that the affidavit testimony presented by defendants lacks credibility, the trial court should not have granted the motion without first holding an evidentiary hearing to determine the sufficiency and veracity of the factual allegations made in defendants' motion. Although it is not automatically an abuse of discretion for a trial court to grant a motion for relief from judgment without first holding an evidentiary hearing, where facts set forth in a Civ.R. 60(B) motion are disputed or uncertain, an evidentiary hearing is required.

*Id.* at *3.

{¶22} Given the circumstances of the instant matter, and in light of the Kowalskis' request for a hearing, I would conclude that they were entitled to a hearing and that it was reversible error for the trial court to grant the motion to vacate without holding a hearing. Thus, I respectfully dissent from the judgment of the majority.

APPEARANCES:

JASON M. STORCK, Attorney at Law, for Appellants.

ROBIN M. WILSON, Attorney at Law, for Appellees.