[Cite as *Egan v. Buchnowski*, 2018-Ohio-1026.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| ERIC J. EGAN, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2017-L-080** |
| BRIANA BUCHNOWSKI, | : | |
| Defendant-Appellant. | : | |

Appeal from the Lake County Court of Common Pleas, Juvenile Division, Case No. 2016 CV 00944.

Judgment: Vacated and Remanded.

*John W. Shryock,* John Shryock Co., L.P.A., 30601 Euclid Avenue, Wickliffe, OH 44092 (For Plaintiff-Appellee).

*Joseph G. Stafford* and *Nicole A. Cruz,* Stafford Law Co., L.P.A., 55 Erieview Plaza, 5th Floor, Cleveland, OH 44114 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.,

{¶1}   Appellant, Briana Buchnowski ("mother"), appeals from the judgment of the Lake County Court of Common Pleas, Juvenile Division, denying her motion for relief from judgment pursuant to Civ.R. 60(B). This is mother's second appeal filed in this matter. Also pending in this court, in Case No. 2017-L-073, is mother's appeal from the trial court's judgment adopting the magistrate's decision approving the shared parenting plan proposed by appellee, Eric J. Egan ("father"). For the reasons that follow, we vacate the judgment of the trial court.

{¶2}   On June 15, 2016, father filed a complaint for custody or visitation with the parties' minor child, L.B., who, at that time, was eight months old.  Mother filed her answer.  Father subsequently filed a motion for shared parenting and a proposed shared parenting plan.  The matter proceeded to trial on the complaint and father's motion.

{¶3}   Following the trial, the magistrate issued his decision on March 6, 2017, finding shared parenting to be in the child's best interest and approving the shared parenting plan submitted by father with two modifications required by the magistrate.  On March 17, 2017, mother filed her objections to the magistrate's decision along with a motion to extend the time to file supplemental objections and a motion to extend the time to obtain a transcript.  The trial court granted mother's motions.  Mother, however, failed to file a transcript and no supplemental objections were filed.  On April 27, 2017, the trial court entered judgment overruling mother's objections for failure to submit a transcript of the proceedings and adopting the magistrate's decision in its entirety.

{¶4}   Thereafter, on May 5, 2017, mother filed a motion for relief from judgment, pursuant to Civ.R. 60(B).  On May 16, 2017, mother filed a notice of appeal of the April 27 judgment entry (Case No. 2017-L-073).   And, on May 25, 2017, the trial court entered judgment denying mother's motion for relief from judgment.  Mother filed a notice of appeal from that judgment and assigns one error, which provides:

{¶5}   "The trial court erred and abused its discretion by failing to grant mother's motion for relief from judgment where mother alleged sufficient operative facts warranting relief under Civ.R. 60(B)."

2

**{¶6}** Although mother challenges the trial court's substantive judgment denying her motion for relief from judgment, the dispositive issue in this appeal relates to the trial court's jurisdiction to enter that judgment. It is well-settled that "[o]nce a case has been appealed, the trial court loses jurisdiction except to take action in aid of the appeal. *In re S.J.*, 106 Ohio St.3d 11, 2005-Ohio-3215, ¶9. "The trial court retains jurisdiction over issues not inconsistent with the appellate court's jurisdiction to reverse, modify, or affirm the judgment appealed from." *Id.* The Ohio Supreme Court has "expressly held that an appeal divests trial courts of jurisdiction to consider Civ.R. 60(B) motions for relief from judgment." *Howard v. Catholic Soc. Serv. of Cuyahoga County Inc.*, 70 Ohio St.3d 141, 147 (1994). "Jurisdiction may be conferred on the trial court only through an order by the reviewing court remanding the matter for consideration of the Civ.R. 60(B) motion." *Id.*

**{¶7}** On April 27, 2017, the trial court entered final judgment overruling mother's objections to the magistrate's decision approving father's shared-parenting plan, and adopting the same. Mother filed the underlying Civ.R. 60(B) motion on May 5, 2017. And, on May 16, 2017, mother filed a timely appeal to the April 27 judgment. The trial court, however, denied the Civ.R. 60(B) motion on May 25, 2017, while the underlying judgment, from which appellant was seeking relief, was pending on appeal to this court.

**{¶8}** Pursuant to *Howard*, *supra*, the trial court did not possess jurisdiction to consider the Civ.R. 60(B) motion. The appeal of the April 27 judgment had not been resolved and was therefore still pending before this court at the time the trial court entered judgment. Accordingly, the trial court's judgment denying mother's Civ. R.

3

60(B) motion was void, ab initio, and must be vacated. *Kowalski v. Smith*, 9th Dist. Wayne No. 10CA0038, 2011-Ohio-2709, ¶5; *see also Fifth Third Mtge., Co. v. Rankin*, 4th Dist. Pickaway No. 11CA18, 2012-Ohio-2804, ¶10; *Ormandy v. Dudzinski*, 9th Dist. Lorain No. 09CA009713, 2010-Ohio-2017, ¶11 We therefore exercise our inherent authority to vacate the trial court's void judgment of October 20, 2009. *See Cincinnati School Dist. Bd. of Edn. v. Hamilton Cty. Bd. of Revision*, 87 Ohio St.3d 363, 368 (2000) (courts have inherent power to vacate void judgments).

**{¶9}** The trial court lacked jurisdiction to rule on the motion for relief from judgment while an appeal from the judgment in Case No. 2017-L-073 was pending before this court. The May 25, 2017 judgment of the Lake County Court of Common Pleas, Juvenile Division, is therefore vacated and the matter is accordingly remanded for further proceedings consistent with this opinion. In light of our determination, we additionally conclude mother's assignment of error is unripe for review.


DIANE V. GRENDELL, J.,

TIMOTHY P. CANNON, J.,

concur.

4