[Cite as *Hughes v. Deutsche Bank Natl. Trust Co.*, 2018-Ohio-1041.]

| | |
|---|---|
| STATE OF OHIO        )<br>                )ss:<br>COUNTY OF SUMMIT    ) | IN THE COURT OF APPEALS<br>NINTH JUDICIAL DISTRICT |
| DEUTSCHE BANK NATIONAL TRUST<br>COMPANY | C.A. No.       28454 |
|       Appellee | |
|       v. | APPEAL FROM JUDGMENT<br>ENTERED IN THE<br>COURT OF COMMON PLEAS |
| STEVEN R. HUGHES, et al. | COUNTY OF SUMMIT, OHIO<br>CASE No.    CV 2014-06-2844 |
|       Appellants | |

DECISION AND JOURNAL ENTRY

Dated: March 21, 2018

CARR, Presiding Judge.

{¶1}     Appellants, Steven and Ann Hughes, appeal the judgment of the Summit County Court of Common Pleas.  This Court affirms.

I.

{¶2}     On June 13, 2014, Deutsche Bank Nat'l Trust Co. ("Deutsche Bank") filed a foreclosure action against Steven and Ann Hughes ("the Homeowners") in the Summit County Court of Common Pleas.  The action concerned the property located at 491 Wyoga Lake Blvd., Stow, Ohio.  After the passage of several months, the Homeowners filed a pro se motion for leave to plead by September 12, 2014.  Significantly, the Homeowners did not file an answer by that date.  On September 23, 2014, Deutsche Bank filed a motion for default judgment on the basis that the Homeowners had failed to file a responsive pleading.  Later that same day, the Homeowners, through counsel, filed a motion to dismiss on the basis that Deutsche Bank's claims were barred pursuant to the double dismissal rule under Civ.R. 41(A).  Deutsche Bank

filed a brief in opposition to the motion to dismiss. On October 2, 2014, the trial court issued a journal entry granting the motion for default judgment. The trial court issued a separate entry denying the motion to dismiss the same day.

{¶3} On January 5, 2015, the Homeowners filed a combined motion to set aside the default judgment pursuant to Civ.R. 60(B) and motion for leave to plead instanter. The trial court denied the combined motion and ordered that the answer be stricken from the record.

{¶4} The trial court later issued a nunc pro tunc entry that amended its October 2, 2014 entry in regard to the amount due under the promissory note in accordance with the first count in the complaint. While the case was subsequently stayed for a brief period of time due to bankruptcy proceedings, the trial court issued an order vacating the stay on October 28, 2015.

{¶5} Almost a year later, on October 25, 2016, the Homeowners filed a motion to set aside the decree of foreclosure on the basis that it was void due to Deutsche Bank's failure to comply with federal law. In the alternative, the Homeowners moved the trial court to vacate the judgment pursuant to Civ.R. 60(B). The Homeowners also requested a hearing on their motion. Deutsche Bank filed a brief in opposition to the motion. The trial court denied the motion without a hearing.

{¶6} The Homeowners filed a timely notice of appeal to this Court. On appeal, the Homeowners raise one assignment of error.

II.

**ASSIGNMENT OF ERROR**

THE RECORD IS CLEAR AND CONVINCING THAT THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANTS BY DENYING THE CIVIL RULE 60(B) MOTION TO SET ASIDE DECREE OF FORECLOSURE AS THE APPELLEE FAILED TO PROVE THE JURISDICTIONAL REQUIREMENT THAT ALL CONDITIONS PRECEDENT MANDATED BY THE NATIONAL HOUSING ACT OF 1934 (12 U.S.C. 1701 ET SEQ.) AND 42 U.S.C. 3534(A).

{¶7} In their sole assignment of error, the Homeowners argue that the trial court erred in denying their motion to vacate judgment because Deutsche Bank failed to demonstrate that it complied with the conditions precedent set forth in the National Housing Act prior to filing the action. This Court disagrees.

{¶8} "The decision to grant or deny a motion to vacate pursuant to Civ.R. 60(B) lies in the sound discretion of the trial court and will not be disturbed absent an abuse of discretion." *Kowalski v. Smith*, 9th Dist. Wayne No. 11CA0056, 2012-Ohio-2974, ¶ 9. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶9} Civ.R. 60(B) states, in relevant part:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken.

{¶10} To prevail on a Civ.R. 60(B) motion for relief from judgment, the moving party must demonstrate that:

> (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.

*GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus.

**{¶11}** "The requirements of Civ.R. 60(B) are stated in the conjunctive; if one of the requirements [is] not met, relief from judgment cannot be granted." *Wolotsky v. Portage Path Community Mental Health Ctr.*, 9th Dist. Summit No. 16827, 1995 Ohio App. LEXIS 1544, *5-6 (Apr. 12, 1995), citing *Strack v. Pelton*, 70 Ohio St.3d 172, 174 (1994).

**{¶12}** Prior to addressing the merits of a motion for relief from judgment, the trial court must determine if the motion is properly before the court. *Thompson v. Summit Pain Specialists, Inc.,* 9th Dist. Summit Nos. 27635, 27638, 2016-Ohio-7030, ¶ 16. It is well-settled that a motion for relief from judgment under Civ.R. 60(B) cannot be used as a substitute for a timely appeal. *Key v. Mitchell*, 81 Ohio St.3d 89, 90-91 (1998); *Harris v. Anderson*, 109 Ohio St.3d 101, 2006-Ohio-1934, ¶ 9. "If the grounds for a party's relief cannot satisfy the Civ.R. 60(B) language, 'the argument is one properly reserved for a direct appeal.'" *Summit Pain Specialists* at ¶ 16, quoting *Teamsters Local Union No. 507 v. Nasco Industries, Inc.*, 9th Dist. Medina No. 3064-M, 2000 Ohio App. LEXIS 5438, *6 (Nov. 22, 2000).

<u>DISCUSSION</u>

**{¶13}** The Homeowners raise two arguments in support of their position that the trial court erred by denying their motion to vacate. Initially, the Homeowners contend that the underlying judgment in this case is void because Deutsche Bank failed to comply with several conditions precedent prior to initiating the foreclosure action. Specifically, the Homeowners argue that because Deutsche Bank failed to conform with regulations set forth by the U.S. Department of Housing and Urban Development ("H.U.D."), the trial court was without subject matter jurisdiction to enter judgment in this case. In the alternative, the Homeowners maintain

that even if Deutsche Bank's failure to comply with the H.U.D. regulations did not render the judgment void, the trial court nevertheless erred by denying their motion to vacate because they satisfied the requirements of Civ.R. 60(B).

{¶14} The Homeowners' jurisdictional argument is without merit. "A motion for relief from a void judgment is often used by a defendant who did not timely appeal the default judgment but wishes to have that judgment declared void later without resorting to the requirements of Civ.R. 60(B)." *U.S. Bank v. Metzger*, 7th Dist. Mahoning No. 14 MA 63, 2015-Ohio-839, ¶ 14. With respect to jurisdiction, the Supreme Court has observed that "[t]he general term 'jurisdiction' can be used to connote several distinct concepts, including jurisdiction over the subject matter, jurisdiction over the person, and jurisdiction over a particular case. * * * Subject-matter jurisdiction is the power of a court to entertain and adjudicate a particular class of cases. * * * A court's jurisdiction over a particular case refers to the court's authority to proceed or rule on a case that is within the court's subject-matter jurisdiction. * * * If a court possesses subject-matter jurisdiction, any error in the invocation or exercise of jurisdiction over a particular case causes a judgment to be voidable rather than void." (Internal citations omitted.) *Bank of America v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, ¶ 18-19. While the Homeowners suggest that the trial court lacked subject matter jurisdiction over this matter, the Supreme Court of Ohio has "long held that actions in foreclosure are within the subject matter jurisdiction of a court of common pleas." *Kuchta* at ¶ 20, citing *Robinson v. Williams*, 62 Ohio St. 401, 408 (1990). To the extent that the Homeowners argue that the trial court lacked jurisdiction over this particular case – the jurisdictional category that involves consideration of the rights of the parties – we note that "any error in the invocation or exercise of jurisdiction over a particular case causes a judgment to be voidable rather than void." *Kuchta* at ¶ 19, citing

*Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, ¶ 12. It follows that the Homeowners cannot prevail on their claim that Deutsche Bank's alleged failure to comply with federal regulations rendered the decree of foreclosure void.

{¶15} The Homeowners' Civ.R. 60(B) argument is also without merit. As noted above, a party cannot use a motion for relief from judgment under Civ.R. 60(B) as a substitute for a timely appeal. *Key*, 81 Ohio St.3d at 90-91; *Kuchta* at ¶ 16. While the issues raised in the Homeowners' Civ.R. 60(B) motion could have been raised on direct appeal, the Homeowners did not file an appeal from the October 2, 2014 judgment entry. Civ.R. 60(B) "does not exist to allow a party to obtain relief from his or her own choice to forgo an appeal from an adverse decision." *Kutcha* at ¶ 15, citing *Ackerman v. United States*, 340 U.S. 193, 198 (1950). Under these circumstances, the Homeowners are now barred from litigating issues in a Civ.R. 60(B) motion that could have been raised on appeal. *Id*.

{¶16} The assignment of error is overruled.

### III.

{¶17} The Homeowners' assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

–––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

DONNA J. CARR
FOR THE COURT

TEODOSIO, J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

STEVEN AND ANN HUGHES, pro se, Appellants.

KIMBERLY SMITH RIVERA, Attorney at Law, for Appellee.