[Cite as *State v. Fry*, 2024-Ohio-2352.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | | C.A. No. 30837 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| CLARENCE FRY | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. CR 05 08 3007 |

DECISION AND JOURNAL ENTRY

Dated: June 20, 2024

CARR, Judge.

{¶1} Defendant-Appellant, Clarence Fry, appeals from the judgment of the Summit County Court of Common Pleas, denying his motion for relief from judgment. This Court affirms.

I.

{¶2} In 2006, a jury found Fry guilty of capital murder, aggravated murder, murder, aggravated burglary, two counts of domestic violence, tampering with evidence, intimidation of a witness, and menacing by stalking. Following the penalty phase of his trial, the jury recommended a sentence of death. The trial court agreed with that recommendation and imposed the death penalty. The Ohio Supreme Court ultimately affirmed Fry's convictions and sentence of death on direct appeal. *State v. Fry*, 125 Ohio St.3d 163, 2010-Ohio-1017.

{¶3} In 2007, Fry filed a petition for post-conviction relief. He also filed a motion for voluntary recusal. He asked the trial judge to recuse herself because, according to Fry, comments she made during his sentencing hearing evidenced a lack of impartiality. The trial court denied

both Fry's petition for post-conviction relief and his motion for voluntary recusal. On appeal, this Court affirmed the denial of Fry's motion for voluntary recusal. *State v. Fry* ("*Fry I*"), 9th Dist. Summit No. 26121, 2012-Ohio-2602, ¶ 48-49. We reversed a portion of the trial court's judgment on Fry's petition for post-conviction relief and remanded the matter for further proceedings. *Id.* at ¶ 38-39.

{¶4} On remand, the trial court conducted an evidentiary hearing on Fry's twelfth ground for relief. The court once again determined that Fry was not entitled to post-conviction relief, and Fry appealed the court's judgment. *State v. Fry* ("*Fry II*"), 9th Dist. Summit No. 28907, 2019-Ohio-958. He included in his appellate brief an argument that the trial judge exhibited bias against him throughout his trial and during his post-conviction proceedings. *Id.* at ¶ 28. This Court rejected his assignments of error and affirmed the trial court's judgment. *Id.* at ¶ 35.

{¶5} In 2023, Fry filed a motion for relief from judgment. By that time, his case had already been reassigned to a different trial judge. Fry argued that his original trial judge had displayed bias against him during his post-conviction proceedings. He requested that his post-conviction claims be reheard by a new, unbiased judge or that post-conviction relief be granted and a new trial ordered. The State opposed his motion, and Fry filed a reply. Upon review, the trial court denied Fry's motion.

{¶6} Fry now appeals from the trial court's judgment and raises two assignments of error for review. For ease of analysis, we reorder the assignments of error.

II.

**ASSIGNMENT OF ERROR II**

THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING FRY'S MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO RULE 60(B)(5) WHERE THE RECORD DEMONSTRATES THE APPEARANCE OF IMPROPRIETY AND BIAS ON THE PART OF A JUDGE.

**{¶7}** In his second assignment of error, Fry argues the trial court abused its discretion when it denied his motion for relief from judgment. We disagree.

**{¶8}** The decision to grant or deny a motion for relief from judgment pursuant to Civ.R. 60(B) "lies in the sound discretion of the trial court and will not be disturbed absent an abuse of discretion." *Kowalski v. Smith*, 9th Dist. Wayne No. 11CA0056, 2012-Ohio-2974, ¶ 9. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

**{¶9}** Civ.R. 60(B) allows a party to seek relief from judgment on several enumerated grounds, including "any other reason justifying relief from the judgment." Civ.R. 60(B)(5). Civ.R. 60(B)(5) is a "catch-all provision" and "is reserved for extraordinary and unusual cases when the interests of justice necessitate it * * *." *Thornton v. Borstein*, 9th Dist. Summit No. 29669, 2021-Ohio-2231, ¶ 24. Motions filed pursuant to that subdivision must be filed "within a reasonable time * * *." Civ.R. 60(B). Moreover, "[a] litigant cannot use a Civ.R. 60(B) motion for relief from judgment as a substitute for a timely appeal." *State ex rel. Hatfield v. Miller*, 172 Ohio St.3d 247, 2023-Ohio-429, ¶ 12.

**{¶10}** The trial court denied Fry's motion for relief from judgment on several grounds. To the extent Fry was arguing that his original trial judge should have been disqualified, the court found that it lacked authority to void his convictions on that basis. *See Beer v. Griffith*, 54 Ohio St.2d 440, 441-442 (1978). The court also determined that Fry's arguments were barred by res judicata. It noted that Fry had previously raised arguments about the alleged bias of his original trial judge. Because he had previously raised those arguments and could have raised any additional

arguments he had about judicial bias at that time, the court determined that the doctrine of res judicata applied. Finally, the court found that the prior pronouncements of this Court functioned as law of the case and prohibited it from readdressing any alleged claims of judicial bias.

{¶11} Fry argues the trial court abused its discretion by denying his motion for relief from judgment. First, he argues that he presented a meritorious claim because he proved his original trial judge displayed bias against him in reviewing and denying his claims for post-conviction relief. Second, he argues judicial bias is an appropriate claim for relief from judgment under Civ.R. 60(B)(5). Finally, he argues his motion was timely filed because he filed it less than thirty days after the Supreme Court issued its decision in *State v. Weaver*, 171 Ohio St.3d 429, 2022-Ohio-4371. According to Fry, *Weaver* was a "watershed case" that did not yet exist when he pursued his other appeals. Before turning to the merits of Fry's motion for relief from judgment, we must determine whether it was properly before the trial court. *See Deutsche Bank Natl. Trust Co. v. Hughes*, 9th Dist. Summit No. 28454, 2018-Ohio-1041, ¶ 12.

{¶12} As previously noted, Fry asked the original trial judge to remove herself from his case in 2007. She refused to do so, and Fry challenged her refusal to voluntarily recuse herself when he first appealed from the denial of his petition for post-conviction relief. This Court rejected his argument because matters of disqualification lie within the exclusive jurisdiction of the chief justice of the Ohio Supreme Court and/or his or her designees. *Fry I*, 2012-Ohio-2602, at ¶ 48-49. We only reversed and remanded the matter for the trial court to take additional evidence on Fry's twelfth ground for relief. *Id.* at ¶ 38-39.

{¶13} Following our remand, the original trial judge conducted an evidentiary hearing and once again denied Fry's petition for post-conviction relief. That hearing took place in 2016, and the judge issued her decision in 2017. Fry challenged the trial court's judgment on appeal and

raised two assignments of error. Both of his assignments of error addressed the merits of his petition for post-conviction relief. In the body of his brief, however, Fry included an argument that the original trial judge had been biased against him throughout his trial and post-conviction proceedings. *See Fry II*, 2019-Ohio-958, at ¶ 28. This Court rejected his argument on the basis that an appellate court lacks the authority to vacate a judgment due to personal bias or prejudice on the part of the trial judge. *Id.* at ¶ 28. A single judge wrote separately to indicate that she would have addressed Fry's argument on the merits, as it sounded in due process. *Id.* at ¶ 36 (Carr, J., concurring in judgment only). Following our decision, Fry did not file any post-judgment motions with this Court. Although he tried to appeal our judgment, the Ohio Supreme declined to accept jurisdiction. *See State v. Fry*, 156 Ohio St.3d 1476, 2019-Ohio-3148.

{¶14} Fry did not move for relief from judgment until 2023. He sought relief due to the alleged bias of the original trial judge. He cited her conduct during his trial, his sentencing, his initial post-conviction proceedings, and the proceedings she conducted in 2016 following this Court's remand. Fry claims his motion was timely and not subject to res judicata or the law of the case doctrine because he filed it directly after the Supreme Court issued *State v. Weaver*. He claims *Weaver* was a "watershed case" because it established that post-conviction relief petitioners are entitled to a new hearing before a new judge when their claims for relief have been heard by a biased judge. Upon review, we do not agree that *Weaver* was a landmark case or otherwise represented a shift in the law.

{¶15} *Weaver* stemmed from a trial judge's denial of a defendant's petition for post-conviction relief following an evidentiary hearing that had been ordered by the court of appeals. 171 Ohio St.3d 429, 2022-Ohio-4371, at ¶ 2. Weaver argued the trial court's judgment should be reversed because the trial judge had demonstrated bias. *Id.* at ¶ 21. The Supreme Court ultimately

concluded that the trial court abused its discretion by denying Weaver's petition because it arbitrarily disregarded expert testimony, inappropriately examined lay witnesses, and unreasonably denied Weaver's ineffective assistance of counsel claim. *Id.* at ¶ 32-58. The Supreme Court refused to remand the matter to the same trial judge because the record supported the conclusion that the judge was biased against Weaver. *Id.* at ¶ 59-62. The Supreme Court reasoned: "*It is settled law* that a criminal proceeding before a biased judge 'is fundamentally unfair and denies a defendant due process.'" (Emphasis added.) *Id.* at ¶ 59, quoting *State v. LaMar*, 95 Ohio St.3d 181, 2002-Ohio-2128, ¶ 34. In so reasoning, the Supreme Court recognized its long-standing precedent on that issue. It did not craft an original rule of law or fashion a new remedy.

{¶16} While this Court lacks authority to review disqualification decisions, we have recognized that a claim of judicial bias is reviewable when raised within the context of a due process violation. *See King v. Divoky*, 9th Dist. Summit No. 29769, 2021-Ohio-1712, ¶ 45; *State v. Powell*, 9th Dist. Lorain No. 12CA010284, 2017-Ohio-4030, ¶ 8-12; *State v. Nieves*, 9th Dist. Lorain No. 16CA011006, 2017-Ohio-5627, ¶ 33-36; *State v. Brown*, 9th Dist. Summit No. 24119, 2008-Ohio-5846, ¶ 20-23. Several of our prior decisions predated *Fry II*. When litigating *Fry II*, however, Fry failed to assign as error that judicial bias deprived him of due process. He also failed to cite any legal authority for the bias argument he included as part of his brief. After the majority rejected his argument, *see Fry II*, 2019-Ohio-958, at ¶ 28, he did not file any post-judgment motions. Nor did he seek to appeal this Court's refusal to address his judicial bias argument. Instead, he waited an additional four years to file a motion for relief from judgment.

{¶17} Having reviewed the record, we cannot conclude that the trial court abused its discretion when it denied Fry's motion for relief from judgment. Res judicata is a bar to Fry's

judicial bias arguments, as he had the opportunity to pursue those arguments in his prior appeal. *C.K. v. D.K.*, 9th Dist. Lorain No. 21CA011733, 2022-Ohio-647, ¶ 22 ("The doctrine of res judicata bars any claims between the parties that were either litigated or could have been litigated in a prior proceeding."). To the extent the *Fry II* majority misconstrued Fry's argument regarding judicial bias, he made no attempt to pursue any post-judgment motions to remedy that error. Moreover, even assuming he could raise his judicial bias argument under Civ.R. 60(B)(5) notwithstanding his prior appeals, we cannot conclude that his motion was filed "within a reasonable time[.]" Civ.R. 60(B). *Weaver* was not a "watershed case" as a wealth of other, prior cases support the principle that a due process violation occurs when a biased trial judge presides over a defendant's criminal proceedings. *See, e.g., LaMar* at ¶ 34; *Powell* at ¶ 8-12; *Nieves* at ¶ 33-36; *Brown* at ¶ 20-23. Because Fry's motion was not properly before the trial court, the court did not err by denying it. *See Hughes*, 2018-Ohio-1041, at ¶ 12. Accordingly, Fry's second assignment of error is overruled.

## ASSIGNMENT OF ERROR I

> THE TRIAL COURT ABUSED ITS DISCRETION IN MISCONSTRUING A
> MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO CIV.R. 60(B)(5)
> AS A MOTION SEEKING DISQUALIFICATION OF A JUDGE.

{¶18} In his first assignment of error, Fry argues the trial court erred by construing his motion for relief from judgment as a motion for disqualification. Based on our resolution of Fry's second assignment of error, his first assignment of error is moot, and we decline to address it. *See* App.R. 12(A)(1)(c).

III.

{¶19} Fry's second assignment of error is overruled. His first assignment of error is moot. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

SUTTON, P. J.
FLAGG LANZINGER, J.
CONCUR.

APPEARANCES:

KIMBERLY S. RIGBY, Managing Counsel, and ADAM VINCENT and JACOB SEIDL, Assistant Public Defender, for Appellant.

ELLIOT KOLKOVICH, Prosecuting Attorney, and C. RICHLEY RALEY, JR., Assistant Prosecuting Attorney, for Appellee.